UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. PEAVY,<br><br>                      Plaintiff,<br><br>       v.<br><br>THE PEOPLE,<br><br>                      Defendant. | Case No. 15-cv-2940-BAS(BGS)<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

   Plaintiff Gary L. Peavy, a non-prisoner proceeding *pro se*, filed a complaint arising from past contacts with detectives from the San Diego Police Department. This action is brought against Defendant "The People," which is likely the State of California. The Court previously dismissed this action for lack of subject matter jurisdiction. Plaintiff amended with the current operative complaint being his First Amended Complaint ("FAC").

   For the following reasons, the Court **DISMISSES WITH PREJUDICE** the action in its entirety for lack of subject matter jurisdiction, and **TERMINATES AS MOOT** the motion for an order directing the U.S. Marshal to effect service.

## I. SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); s*ee also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). Alternatively, federal district courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp.*, L.P., 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

The Court previously noted that Plaintiff's "complaint itself does not specifically invoke any particular jurisdiction, including diversity and federal question," but "looking to the Civil Cover Sheet attached to the complaint, Plaintiff checked the box for 'U.S. Government Defendant' under 'basis of jurisdiction.'" (January 19, 2016 Order 4:14-21.) After reviewing the complaint, the Court found that "there [was] no mention of the United States Government as a party this action or any claim that arises from the U.S. Constitution or a federal statute" and that "[e]ach claim asserted, in fact, cites a California statute." (*Id.*) It further observed that "[t]his action appears to be solely directed at local law enforcement in San Diego, California." (*Id.*)

Nothing has changed with the filing of the FAC with one exception: Plaintiff appended "42 U.S.C. Section 1983" to the caption of the complaint. Upon the Court's review of the FAC, however, none of the defects previously identified have been addressed—there is no mention of the United States Government as a defendant to this action, and all of the claims asserted invoke California statutes. Consequently, there is no federal question presented in the FAC that serves as a basis for subject matter jurisdiction.

The Court reaches the same conclusion on the same grounds as it did before that it also lacks diversity jurisdiction. (*See* January 19, 2016 Order 4:22-5:5.)

## II. CONCLUSION & ORDER

Plaintiff was previously warned that if the amended complaint fails to cure the defects identified in the complaint, this action would be dismissed with prejudice and without any further leave to amend. (January 19, 2016 Order 5:8-18.) Plaintiff has failed to establish again that this Court has subject matter jurisdiction over this action. Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiff's FAC in its entirety for lack of subject matter jurisdiction. *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996) (holding that court may dismiss action pursuant to Federal

1  Rule of Civil Procedure 41(b) if Plaintiff fails to comply with previous court order
2  regarding amendment).
3        In light of the dismissal, the Court also **TERMINATES AS MOOT** Plaintiff's
4  motion for an order directing the U.S. Marshal to effect service.  (ECF No. 8.)
5        **IT IS SO ORDERED.**

7  **DATED:  April 6, 2016**

                                    Hon. Cynthia Bashant
                                    United States District Judge